United States District Court
Southern District of Texas
**ENTERED**
January 25, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SCOTT CHAMBERLAIN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-4941 |
| | § | |
| WALLER COUNTY ASPHALT INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are the motions for partial summary judgment filed by Plaintiff Scott Chamberlain ("Chamberlain") (Dkt. 83) and by Defendants Waller County Asphalt, Waller County Construction LLC, and Staff Source Services LLC (collectively "Defendants") (Dkt. 82). After carefully reviewing the motions, responses, replies, summary judgment record as a whole, and the applicable law, the Court finds that Chamberlain's motion should be **GRANTED IN PART** AND **DENIED IN PART** and Defendants' motion should be **DENIED**.[1]

### I.    Background

Around 2012, Defendants hired Plaintiff Chamberlain to lay asphalt for roads and parking lots in the Houston area. Defendants provided Chamberlain with a Ford F-350 as a company truck during his employment. Chamberlain would attach a gooseneck trailer to

---

[1] Defendants' response to Chamberlain's motion for partial summary judgment includes a motion to strike Chamberlain's affidavit evidence in support of the motion as a "sham." Dkt. 85. The motion is denied. The Court finds that the affidavit does not assert facts that are clearly inconsistent with Chamberlain's prior deposition testimony, and it will be considered in the Court's analysis of the pending motions.

the Ford F-350 and transport equipment, such as a roller or tractor to various worksites in Texas. These worksites included private driveways, parking lots, FM roads, city roads, and county roads. Some of the "asphalt products" that Chamberlain transported to worksites originated from outside of Texas. Dkt. 85-2 at Ex. B Decl. of Davis Dawson. Chamberlain was paid a salary and worked varying hours each week until 2019. Dkt. 82-1 at Ex. A Dep. of Scott Chamberlain; Dkt. 83-1 at Ex. B Decl. of Scott Chamberlain. Chamberlain has now filed this action asserting claims against Defendants under the Fair Labor Standards Act ("FLSA") alleging that (1) Waller County did not pay him for overtime work as required by the FLSA and that (2) Defendants' conduct was willful.

In his pending motion, Chamberlain asserts that he is entitled to summary judgment on Defendants' affirmative defense to this action under the Motor Carrier Act exemption. Chamberlain also argues that he is entitled to a finding as a matter of law that the hours claimed as overtime are reasonable and he is entitled to the standard 1.5 times rate for this work. In its pending motion, Defendants asserts that Chamberlain is not entitled to the 1.5 times rate for his alleged overtime work because the Fluctuating Work Week ("FWW") method of calculating overtime payment applies to this action. Defendants also assert that they are entitled to a finding as a matter of law that their alleged failure to pay Chamberlain overtime was not willful. The Court considers these motions below.

## II.    Legal Standard

In deciding a motion for summary judgment under Federal Rule of Civil Procedure 56, the Court must determine whether the pleadings, the discovery and disclosure materials

on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (citations and internal quotations omitted).

In deciding whether a genuine and material fact issue has been created, the Court must review the facts and the inferences to be drawn from those facts in the light most favorable to the non-movant. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). On cross-motions for summary judgment, the Court reviews each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party. *Trinity Universal Ins. Co. v. Employers Mut. Cas. Co.*, 592 F.3d 687, 691 (5th Cir. 2010) (quoting *Ford Motor Co.,* 264 F.3d at 498).

## III.    Analysis

### A.  The Motor Carrier Exemption Defense Does Not Apply to This Action.

Chamberlain has moved for summary judgment on Defendants' affirmative defense under the Motor Carrier Act. Defendants argues that all of Chamberlain's claims for unpaid overtime work are barred because he is an exempt employee under the Motor Carrier Act exemption of the FLSA. The Court finds Defendants' arguments unpersuasive.

The FLSA requires employers to compensate employees at an overtime rate if they work more than forty hours during a workweek. 29 U.S.C. § 207(a)(1).  The FLSA exempts

from the overtime pay requirement "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49," otherwise known as the Motor Carrier Act ("MCA") exemption. 29 U.S.C. § 213(b)(1). Section 31502, in turn, provides that the Secretary "may prescribe requirements for . . . qualifications and maximum hours of service of employees of, and standards of equipment of, a motor private carrier, when needed to promote safety of operation." 49 U.S.C. § 31502(b)(2). The Secretary may establish these requirements for employees who (1) are employed by carriers whose transportation of passengers or property by motor vehicle is subject to the Secretary's jurisdiction under section 204 of the [MCA] . . . and (2) engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the [MCA]. 29 C.F.R. § 782.2(a); For the motor carrier exemption to apply . . . . [the employees] must meet both of these requirements." *Barefoot v. Mid-Am. Dairymen, Inc*., No. 93-1684, 1994 WL 57686, at *2 (5th Cir. Feb.18, 1994) (per curiam) (unpublished). "Exemptions under the FLSA are construed narrowly against the employer, and the employer bears the burden to establish a claimed exemption." *Songer v. Dillon Res., Inc*., 618 F.3d 467, 471 (5th Cir. 2010). Even assuming that Defendants is a private motor carrier subject to the Secretary's jurisdiction and that Chamberlain's work affected the safety of operation of the motor vehicles, the summary judgment evidence does not establish that Chamberlain's delivery of "some" asphalt products entirely within Texas was a part of interstate commerce as required for the exemption to apply.

As the Fifth Circuit has held, "[f]or the Secretary of Transportation to have regulatory authority and for the Motor Carrier Act exemption to apply, the defendant motor carrier must be engaged in interstate commerce, which requires either the actual transport of goods across state lines or the intrastate transport of goods in the flow of interstate commerce." Merchants Fast Motor Lines, Inc. v. I.C.C., 528 F.2d 1042, 1044 (5th Cir. 1976). 29 C.F.R. § 782.7(b)(1). The summary judgment evidence establishes that Chamberlain never delivered any goods outside of Texas nor is there any summary judgment evidence establishing that Chamberlain transported any goods as part of a "practical continuity of movement of goods in interstate commerce." *Roche v. S-3 Pump Serv., Inc.*, 154 F. Supp. 3d 441, 447 (W.D. Tex. 2016).

The summary judgment evidence establishes that while Chamberlain's made deliveries of "some…asphalt products…[that] originated outside of Texas" the deliveries were entirely in Texas and the products were used for "private driveways, parking lots, FM roads, city roads and county roads" in Texas. Dkt. 83-1 at Ex. B Decl. of Scott Chamberlain; Dkt. 85-2 at Ex. B Decl. of Davis Dawson. There is no summary judgment evidence of any facts establishing that these deliveries were a continuation of interstate commerce. For example, there is no evidence that the asphalt products that originated outside of Texas and delivered by Chamberlain were ordered for the needs of specific customers. See e.g. *Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 569 (1943)(finding that product remained in continuous interstate commerce where company ordered goods from out-of-state suppliers to meet the needs of specified customers, and where it ordered goods with their customer's name printed on it); *Badgett v. Rent-Way, Inc.*, 350 F. Supp.

2d 642, 647-48 (W.D. Penn. 2004)(finding that goods were in continuous interstate transportation where they were bought for specific customers from out-of-state vendors). Mere assertions of Chamberlain's delivery of "some" vague and unspecified asphalt products originating from outside of Texas alone are insufficient to establish the application of the MCA exemption. For purposes of the MCA exemption, the summary judgment evidence establishes that the interstate journey of the alleged asphalt products delivered by Chamberlain ended before he picked them up for delivery and use entirely within Texas. *Id*. Accordingly, the Court finds that Chamberlain's pickup and delivery of the asphalt products was entirely a part of intrastate—not interstate—commerce and the MCA exemption does not apply to bar this action against Defendants. Chamberlain's motion for summary judgment on this issue is granted.

### B.  Amount and Method of Calculating Damages

Chamberlain asserts that the summary judgment evidence establishes his entitlement to damages calculated using the 1.5 times overtime rate. Defendants argues that there are fact issues regarding the hours Chamberlain worked and that, if he is entitled to damages, as a matter of law they should be calculated using the FWW method. Each side has moved for summary judgment on this damages issue. The Court finds that neither party is entitled to summary judgment because there are genuine issues of material fact regarding this dispute. These genuine issues of material fact include, but are not limited to, the total number of hours worked by Chamberlain and whether there was a clear mutual understanding between the parties that Defendants would pay Chamberlain a fixed salary

regardless of the number of hours worked. Accordingly, both motions for partial summary on the issues of damages are denied.

### C. Chamberlain's Willfulness Claim

Finally, Defendants seek summary judgment on the issue of whether their alleged failure to pay Chamberlain for overtime work was willful. An FLSA plaintiff bears the burden of proving his employer's willfulness to extend the statute of limitations from two years to three years. *Singer v. City of Waco, Tex.*, 324 F.3d 813, 821 (5th Cir. 2003). The test for willfulness is whether "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). It is not enough for a plaintiff to show that his employer knew about the FLSA, knew his job duties, and improperly classified him to establish willfulness. *Tran v. St. Luke's Episcopal Health Sys.*, CIV.A.H-11-0241, 2012 WL 3985219, at *2 (S.D. Tex. Sept. 11, 2012) (citing *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 127–28 (1985)).

Even if an employer acts unreasonably, but not recklessly, in determining its legal obligation under the FLSA, its action is not willful. *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1416 (5th Cir. 1990). Nor can a finding of willfulness be based merely on an employer's "good-faith but incorrect assumption that a pay plan complied with the FLSA in all respects." *McLaughlin*, 486 U.S. at 135. But an employer's failure to keep accurate or complete records is evidence of reckless disregard. *Bingham v. Jefferson Cty., Tex.*, No.

1:11-CV-48, 2013 WL 1312563, at *14 (E.D. Tex. Mar. 1, 2013) (quoting *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 844 (6th Cir.2002).

Defendants argue that Chamberlain has no evidence of willfulness. However, Chamberlain has produced some summary judgment evidence that if true establishes that Defendants falsely "certified" records under reporting Chamberlain's time. The Court finds that there is at the very least a genuine issues of material fact that must be resolved by the fact finder regarding whether Defendants' conduct was willful. Accordingly, Defendants' motion for partial summary judgment on this issue is denied.

### IV.    Conclusion

Chamberlain's motion for partial summary judgment (Dkt. 83) is **GRANTED IN PART** AND **DENIED IN PART**. Defendants' motion for partial summary judgment (Dkt. 82) is **DENIED**.

SIGNED at Houston, Texas this 25th day of January, 2022.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE