Case 4:19-cv-04941   Document 155   Filed on 01/03/23 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
January 03, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SCOTT CHAMBERLAIN,  §<br>  Plaintiff, §<br> §<br>VS. §<br> §<br>WALLER COUNTY ASPHALT INC., §<br>WALLER COUNTY §<br>CONSTRUCTION LLC, and STAFF §<br>SOURCE SERVICES LLC. §<br>  Defendants. § | CIVIL ACTION NO. 4:19-CV-4941 |

# MEMORANDUM OPINION AND ORDER
## ON ATTORNEY'S FEES AND COSTS

Pending before the Court is Plaintiff Scott Chamberlain's Motion for Attorneys' Fees & Costs, and Defendants' response in opposition. (Dkts. 137, 140). Having considered the parties' filings, the responses and replies thereto, and the applicable law, the Court finds Chamberlain's motion should be **GRANTED IN PART AND DENIED IN PART.** Accordingly, the Court awards Chamberlain **$79,917 in fees** and **$12,485.85 in costs and expenses**.

### BACKGROUND

Chamberlain brought a complaint against his former employers under the Fair Labor Standards Act, 29 U.S.C. §207, et seq ("FLSA"), seeking to recover unpaid overtime wages. (Dkt 41). Defendants Waller County Asphalt ("WCA"), Waller

1

County Construction ("WCC"), and Staff Source Services, LLC, argued that (1) Chamberlain was not entitled to overtime pay because Chamberlain's position fell within the Motor Carrier Act ("MCA") exemption to the FLSA's overtime requirements (29 U.S.C. §213(b)(1)); (Dkt. 56), and (2) if Chamberlain was found not to fall within the MCA exemption, then his overtime pay must be calculated based on the fluctuating workweek ("FWW") formula. (Dkt. 82 at 6-7).[1]

The Court found that Chamberlain's position did not fall within the MCA exception as a matter of law (Dkt. 109 at 6), but the Court declined to find that the FWW formula must be employed to calculate Chamberlain's overtime pay (Dkt. 109 at 6-7). After a two-day trial, the jury found that (1) the Defendants failed to pay Chamberlain overtime pay as required by the FLSA; (2) Chamberlain failed to prove that Defendants knew their conduct was prohibited by the FLSA (or that Defendants showed reckless disregard for whether their conduct was so prohibited); (3) the Defendants proved by a preponderance of the evidence that the FWW applies; and (4) Chamberlain worked 550 hours of overtime between December 19, 2017, and December 19, 2019. (Dkt. 131). In a joint letter to the Court, the parties quantified Chamberlain's damages as $13,588.96—$6,794.48 in back-pay and an equal amount

---

[1] In short, a plaintiff seeking overtime wages who is found to fall within the FWW guidelines is entitled to half of his hourly rate for every hour over 40 worked in week, whereas a plaintiff who is found to not fall within the FWW guidelines is entitled to one and a half times his hourly rate. *See* 29 C.F.R. § 778.114(a), *Dacar v. Saybolt, L.P.*, 914 F.3d 917, 931 (5th Cir. 2018*), as amended on denial of reh'g and reh'g en banc* (Feb. 1, 2019).

in liquidated damages. After the Court entered final judgment (Dkt. 136), Chamberlain filed a motion for attorneys' fees and costs. (Dkt. 137).

## LEGAL STANDARD

"Fee awards are mandatory for prevailing plaintiffs in FLSA cases." *Chapman v. A.S.U.I. Healthcare & Dev. Ctr., No.* CIV.A. H-11-3025, 2013 WL 487032, at *2 (S.D. Tex. Feb. 6, 2013) *aff'd sub nom. Chapman v. A.S.U.I. Healthcare & Dev. Ctr.*, 562 F. App'x 182 (5th Cir. 2014). Under the FLSA, a prevailing plaintiff is entitled to "reasonable" attorney's fee and costs. 29 U.S.C. § 216(b). The FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Id.* To be considered reasonable, however, those fees and costs must be properly documented and supported. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Fee applications in the Fifth Circuit are analyzed using the "lodestar" method. *Strong v. Bellsouth Telecomm., Inc.*, 137 F.3d 844, 850 (5th Cir. 1998). The first lodestar step is to determine the reasonable hourly rate for the attorneys and nonlegal personnel who worked on the case. In setting a reasonable billing rate, courts consider that particular attorney's regular rates, as well as the rate "prevailing in the community for similar services by lawyers of reasonable comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984). The

second step is to determine the number of hours "reasonably expended" on the litigation. *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 284 (5th Cir. 2008). The party seeking the fee award has the burden of establishing the reasonableness of the number of hours billed. One relevant consideration is whether the attorney hours show an exercise of "billing judgment." *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006); *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). To establish such billing judgment, a fee applicant must produce "documentation of the hours charged and the hours written off as unproductive, excessive, or redundant." *Saizan*, 448 F.3d at 799. The court then calculates the appropriate "lodestar", *i.e.*, the reasonable hourly billing rate for the attorney multiplied by the number of hours he or she reasonably expended on the litigation. *Id.*

After calculating the lodestar, the court must consider whether to adjust the fee upward or downward. The requested fees must not be excessive and must bear a reasonable relationship to the amount in controversy or to the complexity of the case. *See Northwinds Abatement v. Emplrs Ins.*, 258 F.3d 345 (5th Cir. 2001). "[T]he most critical factor is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). If the success is limited, the lodestar should be reduced to reflect that. *See id.*; *see also Prater v. Commerce Equities Mgmt. Co.*, Civ. Action H-07-2349, 2008 WL 5140045, at *3 (S.D. Tex. Dec. 8, 2008) (Rosenthal J.). Given the nature

of FLSA claims, it is not uncommon that attorney's fee requests will exceed the amount of judgment in the case. *Howe v. Hoffman-Curtis Partners Ltd., LLP*, 215 F. App'x 341, 342 (5th Cir. 2007).

Although the lodestar method effectively replaced the balancing test set out in *Johnson v. Georgia Highway Express, Inc.* those factors may still be considered. 488 F.2d 714, 717-19 (5th Cir. 1974). The *Johnson* factors are: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.*

## ANALYSIS

### I. Chamberlain's Reasonable Attorneys' Fees

After imposing an across-the-board 15% reduction of hours to account for billing judgment, Chamberlain seeks $275,505 in attorneys' fees. This total represents: (1) attorney Nick Lawson billing 264.7 hours at a rate of $500 an hour (totaling $132,350); (2) attorney Avi Moshenberg billing 121.6 hours at a rate of

$500 an hour (totaling $60,800); (3) attorney Josh Latzman billing 173.4 hours at a rate of $425 an hour (totaling $73,695); and paralegal Katherine Taylor billing 43.3 hours at a rate of $200 hours (totaling $8,660). (Dkt. 137 at 8). Defendants object to Chamberlain's request across the board, arguing that Chamberlain's fees should be reduced to the amount of damages he received—$13,588.96.

The Court examines these arguments below.

### A. Calculating the Lodestar

#### 1. Reasonable Hourly Rate

Defendants argue that Chamberlain's attorneys' hourly rate should be reduced to $250 and Chamberlain's paralegal's rate should be reduced to $100. While the Court agrees with Defendants that the hourly rates requested for Chamberlain's attorneys and paralegal are excessive, the Court finds Defendants' proposed rates to be too low—lower than the median hourly rate for labor and employment attorneys in Houston in 2015. (Dkt 140 at16).

The Court finds this case to be analogous to *Sheffield v. Stewart Builders, Inc.*, a recent FLSA overtime dispute that, as here, "was not complex and does not warrant the rate that the top attorneys in Houston working on complex cases receive." No. CV 19-1030, 2021 WL 951897, at *5 (S.D. Tex. Mar. 10, 2021). The reasonable rate for the lead attorney in *Sheffield* was determined to be $400 an hour. *Id*. The Court finds lead attorney Lawson's credentials and experience level to be comparable to

the lead attorney in *Sheffield*, and thus finds $400 an hour to be a reasonable rate for Lawson. The reasonable rate for two supporting attorneys in *Sheffield*—both of whom were found to be "very qualified" and "seasoned attorneys"—were determined to be $300 per hour. *Id*. The Court thus finds $300 an hour to be a reasonable rate for attorneys Moshenberg and Latzman, both of whom have ten years of litigation experience.

Finally, the Court finds the reasonable rate for paralegal work to be $125 per hour. *See id*. ($125 per hour for paralegal work); *Richardson v. Tex-Tube Co.*, 843 F. Supp. 2d 699, 709 (S.D. Tex. 2012) ($125 per hour for paralegal work).

### 2. Number of Hours Reasonably Expended

Defendants argue that (1) Chamberlain did not exercise billing judgment and (2) all time entries for attorney Latzman and paralegal Taylor should be struck due to a lack of evidence of their qualifications. (Dkt. 140 at 18-22). The Court finds that Chamberlain adequately attested to Latzman and Taylor's qualifications, thus their time is recoverable. (Dkt. 137-1). The Court agrees with Defendants, however, that Chamberlain did not exercise billing judgment.

"When there is no evidence of billing judgment, the appropriate remedy is to reduce the hours awarded by a percentage intended to replace the exercise of billing judgment." *Walker v. U.S. Dep't of Housing and Urban Development*, 99 F.3d 761,

7

770 (5th Cir.1996); *Carroll v. Sanderson Farms, Inc.*, No. CIV.A. H-10-3108, 2014 WL 549380, at *8 (S.D. Tex. Feb. 11, 2014) (collecting cases).

Defendants argue that Chamberlain's fee entries are vague, duplicative (or excessive, or unnecessary), reflect block billing, or seek reimbursement for clerical work. (Dkt. 140 at 15-18). In support, Defendants provide line-by-line objections to Chamberlain's fee entries, noting which entries were already eliminated by Chamberlain. (Dkt. 140-1 at 9-28). The Court finds Defendants' objections to be persuasive. Chamberlain's self-reduced total of 603 hours (559.7 attorney hours and 43.3 paralegal hours) reflects a lack of billing judgment in this straightforward, single-plaintiff FLSA case. Thus, the Court will reduce the requested hours by an additional 20%.

The Court finds the lodestar to be as follows:

| Timekeeper | Hours | Rate | Totals |
|---|---|---|---|
| Nick Lawson | 211.76 | $400 | $84,704 |
| Avi Moshenberg | 97.28 | $300 | $29,184 |
| Josh Latzman | 138.72 | $300 | $41,616 |
| Katherine Taylor | 34.64 | $125 | $4,330 |
| | | | **$159,834** |

### B. Adjustment

After calculating the lodestar, the Court must consider whether to adjust the fee upward or downward. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). Court finds that the complexity of the case and the limited success Chamberlain obtained at trial warrants a significant reduction in the lodestar calculation.

The Court cannot overlook the chasm between amount of overtime pay Chamberlain asked the jury to find ($125,986.50) and the amount the jury awarded ($6,794.48). (Dkt. 142 at 264; Dkt. 135). Much of this gap can be attributed to the jury's rejection of Chamberlain's argument that the fluctuating workweek method of calculating overtime pay should not be applied here. Because Chamberlain obtained summary judgment on whether Chamberlain was excluded from the FLSA's overtime rules altogether, the trial centered on <u>how much </u>overtime pay Chamberlain was entitled to (not whether Chamberlain was entitled to overtime pay in the first place). And on that point, the jury awarded Chamberlain a small fraction of what he sought.

Nevertheless, the Court disagrees with Defendants that Chamberlain's fee award should be pegged directly to Chamberlain's damages award of $13,588.96. In the Fifth Circuit, "there is no per se requirement of proportionality in an award of attorney fees." *Branch-Hines v. Hebert*, 939 F.2d 1311, 1322 (5th Cir. 1991).

Furthermore, Chamberlain's success in obtaining summary judgment on the Motor Carrier Exemption (Dkt. 109) and in obtaining liquidated damages (Dkt. 135) should be weighed alongside Chamberlain's relative lack of success in obtaining the damages he sought. Thus, while the Court will not reduce Chamberlain's fees in proportion to the difference between the recovery sought and the recovery obtained, the Court finds that a 50% reduction is warranted in light of Chamberlain's limited success at trial. After applying that reduction, Chamberlain is entitled to recover $79,917 in attorneys' fees.

### B. Costs and Expenses

Chamberlain seeks $12,485.85 in costs and expenses. (Dkt. 137 at 8-9). In their sole objection to Chamberlain's requested costs, Defendants argue that Chamberlain failed to provide documentation of the cost having actually been paid. The Court disagrees. In addition to providing documentation of the charges for which he is seeking reimbursement (Dkt. 137-1 at 25-42), Chamberlain provided a sworn statement that the litigation costs for which Chamberlain is seeking reimbursement were "incurred" by Chamberlain. (Dkt. 137-1 at 4). The Court further finds that Chamberlain's requested costs to be reasonable and recoverable. Thus, Chamberlain is entitled to recover $12,485.85 in costs and expenses.

## CONCLUSION

Based on the foregoing reasons, it is hereby **ORDERED** that Chamberlain's Motion for Attorneys' Fees & Costs (Dkt. 137) is **GRANTED IN PART AND DENIED IN PART**. Chamberlain is awarded **$79,917 in fees** and **$12,485.85 in costs and expenses**.

**IT IS SO ORDERED.**

SIGNED AT HOUSTON, TEXAS, on January 3rd, 2023.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE